IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT A. LUND,

    Plaintiff,

  v.

CHASE BANK,

    Defendant.

Case No. 6:14-cv-00448-AA
OPINION AND ORDER

Robert A. Lund
P.O. Box 151
Albany, Oregon 97321
    Pro se plaintiff

Whitney S. Button
Pilar C. French
Lane Powell, PC
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
    Attorneys for defendant

AIKEN, Chief Judge:

    This is yet another in a long line of lawsuits surrounding plaintiff Robert Lund's federal income tax deficiencies. Defendant

Page 1 - OPINION AND ORDER

JPMorgan Chase Bank, N.A.,[1] moves to dismiss plaintiff's complaint. In addition, defendant seeks judicial notice of certain publicly filed documents. For the reasons set forth below, defendant's motions are granted and this case dismissed.

## BACKGROUND

This matter arises out of the United State's[2] investigation into plaintiff's income tax liability for 2001 through 2008, years in which he has not filed federal income tax returns. Pursuant to this investigation, on June 17, 2009, Revenue Agent Rae Cook served defendant with an IRS summons ("Summons") to produce plaintiff's financial records and appear on July 17, 2009. On July 6, 2009, plaintiff initiated a lawsuit in this Court and moved to quash the Summons. See Lund v. United States ("Lund I"), 6:09-cv-06192 (doc. 2). On December 17, 2009, the IRS sought dismissal of plaintiff's lawsuit on the basis that the underlying Summons complied with the factors set forth in United States v. Powell, 379 U.S. 48 (1964). On February 11, 2009, before the Court ruled on the IRS's motion, plaintiff voluntarily withdrew his cause of action against the United States. Accordingly, the Court entered judgement dismissing Lund I.

At some unspecified time thereafter, defendant furnished documents pursuant to the Summons. On February 19, 2014, plaintiff commenced a lawsuit in Linn County Circuit Court, alleging

---

[1] Sued erroneously as "Chase Bank."

[2] As acting though the Internal Revenue Service ("IRS").

Page 2 - OPINION AND ORDER

violations of the Oregon constitution, breach of contract, and deprivation of his Fourth and Fifth Amendment rights, and requesting $3,000,000 in damages.

On March 19, 2014, defendant removed plaintiff's complaint to this Court on the basis of federal question and diversity jurisdiction. On May 8, 2014, this Court denied plaintiff's motion for remand.

On May 19, 2014, defendant moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[3] On June 16, 2014, plaintiff filed an "Objection to the Request for Judicial Notice of Documents," in which he raises substantive arguments and again requests that the Court remand this case back to state court.

## STANDARDS OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a

---

[3] Defendant also seeks dismissal under Fed. R. Civ. P. 12(b)(1), yet defendant has not cited to, and the Court is not aware of, any authority indicating that jurisdictional issues are implicated under these or analogous circumstances. See generally Def.'s Mem. in Supp. of Mot. Dismiss; Def.'s Reply to Mot. Dismiss.

Page 3 - OPINION AND ORDER

"formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

## DISCUSSION

Defendant argues that dismissal is appropriate because plaintiff previously filed, and then voluntarily dismissed, a motion to quash the Summons, such that judicial estoppel applies. In the alternative, defendant asserts that plaintiff's complaint fails to state a claim upon which relief can be granted. According to plaintiff, dismissal is not warranted because the motion to quash he filed in Lund I rendered the underlying Summons invalid and defendant thereafter never obtained "an Order of the Court, ordering the Summons in question enforced." Pl.'s Resp. to Mots. 1.

I. Judicial Notice

To support its arguments in favor of dismissal, defendant requests that this Court take judicial notice of the pleadings and court orders filed in Lund I. Plaintiff opposes judicial notice of these "irrelevant and immaterial" documents. Id. at 4.

Judicial notice may be taken at any stage in the proceedings. Fed. R. Evid. 201(d). The "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy

Page 4 - OPINION AND ORDER

cannot reasonably be questioned." Fed. R. Evid. 201(b). Facts contained in public records are generally considered appropriate subjects for judicial notice. <u>Santa Monica Food Not Bombs v. City of Santa Monica</u>, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). Nevertheless, the court may not take judicial notice of documents, regardless of whether they meet the requirements of Fed. R. Civ. P. 201(b), that are unrelated to the matter at issue. <u>Hart v. Parks</u>, 450 F.3d 1059, 1063 n.2 (9th Cir. 2006).

The Court finds the parties' previous lawsuit concerning the Summons relevant to this dispute. See <u>United States v. Alvarez</u>, 358 F.3d 1194, 1205 (9th Cir.), <u>cert. denied</u>, 543 U.S. 887 (2004) ("[t]rial judges have wide discretion in determining whether evidence is relevant") (citing Fed. R. Evid. 401). Indeed, plaintiff alleges that defendant wrongfully produced documents pursuant to the Summons despite the motion to quash he filed in <u>Lund I</u>, thereby incorporating those proceedings by reference into his complaint. Compl. ¶¶ 14-17, 20-27. Further, although the parties disagree as to their legal effect, the facts of that case are undisputed. Lastly, it is well-established that the "court may take judicial notice of court records in another case" because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. <u>United States v. Howard</u>, 381 F.3d 873, 876 n.1 (9th Cir. 2004). As such, defendant's motion for judicial notice is granted.

II. <u>Judicial Estoppel</u>

The summons at issue in this case was issued to a third-party

Page 5 - OPINION AND ORDER

recordkeeper pursuant to 26 U.S.C. § 7602, which, as this Court previously explained to plaintiff, authorizes the IRS to "issue an administrative summons for the production of information relevant to determining the tax liability of" any person for internal revenue purposes. United States v. Lund ("Lund II"), 2011 WL 6963106, *1 (D.Or. Dec. 14, 2011); see also Lund I, 6:09-cv-06192 (docs. 2, 18-20). A third-party who neglects to comply with a summons is subject to being held in contempt. 26 U.S.C. § 7602(b). Within 20 days of receiving the requisite notice, the taxpayer has the right to intervene and move to quash the summons in the manner set forth in 26 U.S.C. § 7609(b).[4] See 26 U.S.C. § 7602(c); 26 U.S.C. § 7609(a).

Even where the taxpayer files a petition to quash, the summoned third-party must nonetheless "proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined." 26 U.S.C. § 7609(i)(1). To defeat a motion to quash, the IRS may move to compel compliance with the summons. 26 U.S.C. § 7609(b)(2)(A); see also 26 U.S.C. § 7609(d)(2). Alternatively, the IRS may seek dismissal and rely on third-party acquiescence to effectuate the summons; once the motion to dismiss is filed, "the burden shifts

---

[4] In relevant part, this statute states: "any person who is entitled to notice of a summons under subsection (a) shall have a right to begin a proceeding to quash such summons . . . In any such proceeding, the Secretary may seek to compel compliance with the summons . . . the person summoned . . . shall be bound by the decision in such proceeding (whether or not the person intervenes)." 26 U.S.C. § 7609(b).

Page 6 - OPINION AND ORDER

immediately to the [taxpayer] to establish a valid defense to the summons." Cook v. United States, 2002 WL 221084, *3 (D.Or. Jan. 8, 2002) (citation and internal quotations omitted).

During Lund I, plaintiff followed the procedures articulated in 26 U.S.C. § 7609(b), after which the IRS moved to dismiss his petition. Plaintiff, however, voluntarily withdrew his motion to quash before the Court ruled on the propriety of the Summons. While not dispositive, the Court notes that the Summons here complied with the Powell factors and was therefore sufficient to establish a prima facie case, which plaintiff failed to rebut. See Lund I, 6:09-cv-06192 (docs. 18-23); see also Lund II, 2011 WL 6963106 at *1-3 (describing the parties' respective burdens in regard to the enforcement of a disputed summons). Regardless, both prior to and during the pendency of Lund I, defendant was required to prepare the requested documents for production. Because Lund I was dismissed before a decision on the merits, the Summons's validity - and defendant's obligation to act in accordance therewith - remained intact.

Thus, the filing of a motion to quash does not render a summons unenforceable or otherwise "legally excuse" a third-party from producing the requested documents. Pl.'s Resp. to Mots. 4. Rather, a summons is presumptively valid unless and until the Court issues a judgment finding it deficient. See Cook, 2002 WL 221084 at *3-4. In other words, although defendant's obligation to produce documents may have been tolled by the filing of plaintiff's petition to quash, it was not voided. Therefore, to the extent

Page 7 - OPINION AND ORDER

plaintiff contends that defendant was not permitted to respond to the Summons because the Court never issued as affirmative order to that effect, or because the production date expired during the pendency of <u>Lund I</u>, his arguments are unavailing.

Plaintiff's reliance on 26 U.S.C. § 7604(a) and 26 U.S.C. § 7402(b) - in support of the proposition that, absent a court order, defendant was prohibited from responding to the Summons - is equally unpersuasive. <u>See</u> Pl.'s Resp. to Mots. 2-4. These statutory provisions do not aid plaintiff; they merely provide that the district court, "for the district in which such [summoned] person resides or is found," shall have jurisdiction to compel production in response to a summons. 26 U.S.C. §§ 7402(b), 7604(a). In fact, as defendant notes, "the subsection immediately preceding § 7402(b) provides that the IRS may seek to hold any person who fails or refuses to comply with a summons in contempt, again confirming that [defendant] was obligated to produce once the petition to quash was dismissed." Def.'s Reply to Mot. Dismiss 6 n.2 (citing 26 U.S.C. § 7402(a)).

Essentially, through this lawsuit, plaintiff seeks to revive his petition contesting the Summons. Yet plaintiff has not named or served notice on the IRS, as required by 26 U.S.C. § 7609, and the twenty-day time limit for contesting the Summons has long expired. <u>See</u> <u>Ponsford v. United States</u>, 771 F.2d 1305, 1309 (9th Cir. 1985) (dismissal required where taxpayer failed to file a motion to quash within the 20-day time period). More importantly, plaintiff cannot obtain an advantage in these proceedings by taking positions that

Page 8 - OPINION AND ORDER

contravene those asserted in Lund I. See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC, 692 F.3d 983, 993 (9th Cir. 2012) (judicial estoppel "is an equitable doctrine invoked not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts") (citations and internal quotations omitted); see also New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001) (outlining the elements of judicial estoppel). Plaintiff previously voluntarily withdrew his motion to quash the Summons, thereby impliedly conceding its validity, whereas he now argues that defendant's compliance therewith was wrongful. Furthermore, in dismissing Lund I, the Court relied on and adopted plaintiff's decision to withdraw his complaint. Accepting plaintiff's inconsistent position in these proceedings would therefore place the parties in an unfair context.

In the interest of protecting the orderly administration of justice and dignity of judicial proceedings, the Court finds that judicial estoppel attaches to bar the present action. Any other result would deprive the IRS of its investigatory powers and run afoul of the process set forth in 26 U.S.C. § 7609. A taxpayer could simply file a motion to quash, no matter how frivolous, and withdraw that motion before a ruling on the merits to prevent responsive production. Consequently, the IRS would be required to compel production of any summons in order to obtain the sought

Page 9 - OPINION AND ORDER

after information, because no third-party would subject itself to a subsequent legal challenge like the $3,000,000 claim at issue here. Congress simply could not have intended that 26 U.S.C. § 7609 be interpreted in this incongruous manner. For these reasons, defendant's motion to dismiss is granted.

III. Failure to State a Claim

Although difficult to decipher, plaintiff alleges several state and federal claims premised on defendant's production of documents in response to the IRS's Summons. See generally Compl. Beyond being vague and conclusory, plaintiff's claims are defective in myriad respects. First, the complaint is does not set forth any factual allegations regarding how defendant's conduct, as that of a private bank, qualifies as state action. See id. at ¶ 42. This omission is dispositive as to plaintiff's claims under the Oregon Constitution and the Fourth and Fifth Amendments. See State v. Tucker, 330 Or. 85, 89, 997 P.2d 182 (2000) ("Article I, section 9, prohibits only state action that infringes on a citizen's constitutional rights") (citation omitted); Straube v. Emanuel Lutheran Charity Bd., 287 Or. 375, 382-83, 600 P.2d 381 (1979), cert. denied, 445 U.S. 966 (1980) ("Article I, section 10 . . . does not address a directive to private parties"); Douglas v. Oregonian Publ'g Co., 465 Fed.Appx. 714, 715 (9th Cir. 2012) ("[t]he district court properly dismissed Douglas's [42 U.S.C. § 1983] claims against the private defendants . . . because he failed to allege that they acted under color of state law") (citations omitted).

Page 10 - OPINION AND ORDER

Second, "summonses issued by the IRS seeking documents in the possession of third-parties do not implicate [a taxpayer's] rights under the Fourth Amendment." Lewis v. United States, 2012 WL 1197784, *8 (E.D.Cal. Apr. 10), adopted by 2012 WL 3886885 (E.D.Cal. May 4, 2012) (collecting cases); see also Lund II, 2011 WL 6963106 at *3 (a summons "is not a per se violation of the Fourth Amendment [and one] that complies with the Powell requirements satisfies the Fourth Amendment") (citations omitted). Moreover, IRS "summonses do not violate [a taxpayer's] Fifth Amendment right against self-incrimination or to due process." Mayley v. United States, 2011 WL 5239725, *7 (D.S.C. Oct. 13), adopted by 2011 WL 5314214 (D.S.C. Nov. 1, 2011) (citations omitted); see also Lund II, 2011 WL 6963106 at *3-4 ("the fifth amendment privilege may not itself be used as a method of evading payment of lawful taxes") (citations and internal quotations omitted).

Finally, regarding his remaining breach of contract claim, plaintiff only states that defendant violated "[t]he very clearly spelled out contractual obligations written in the contract between the two parties to this case." Compl. ¶ 11. As such, plaintiff neither attaches the alleged contract to his complaint nor pleads facts adequately describing its terms. As a result, his breach of contract claim is comprised of legal conclusions cast in the form of factual allegations, which are not entitled to the presumption of truth. See Hogan v. N.W. Trust Servs., Inc., 2010 WL 1872945, *4 (D.Or. May 7, 2010), aff'd, 441 Fed.Appx. 490 (9th Cir. 2011) ("a

Page 11 - OPINION AND ORDER

court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). In sum, because there are no well-plead factual allegations in the complaint indicating that defendant's alleged production of documents pursuant to the Summons was improper, defendant's motion to dismiss is granted.

## CONCLUSION

Defendant's request for judicial notice (doc. 16) and motion to dismiss (doc. 17) are GRANTED. Accordingly, defendant's request for oral argument is DENIED as unnecessary. This case is DISMISSED.

IT IS SO ORDERED.

Dated this 26 of June 2014.

_____
Ann Aiken
United States District Judge

Page 12 - OPINION AND ORDER